IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**THE CHARTER OAK FIRE INSURANCE COMPANY, et al.,**

      Plaintiffs,

v.

**INTERSTATE MECHANICAL, et al.**,

      Defendants.

No. 3:10-cv-01505-PK

OPINION AND ORDER

**MOSMAN, J.**,

      On March 29, 2012, Magistrate Judge Papak issued his Findings and Recommendation ("F&R") [120] in the above-captioned case, recommending that (a) the motion to strike filed by Travelers Property Casualty Company of America ("Travelers") [79] be denied; (b) the motion for transfer of venue or to dismiss for lack of personal jurisdiction filed by Glacier Construction Partners, LLC ("Glacier") [54] be denied; (c) Glacier's oral motion for the court to decline to exercise declaratory relief jurisdiction be denied, with leave to renew at a later stage in the proceedings; (d) the joint motions to strike filed by Travelers and Continental Western Insurance Company ("Continental") [111] [117] be denied; (e) the motion to file a third amended complaint filed by Travelers [57] be granted; (f) Continental's motion to amend its cross-claim

1 – OPINION AND ORDER

[62] be granted; and (g) Glacier's motion to vacate a default judgment against Interstate Mechanical, Inc. ("Interstate") [73] be denied. No objections were filed.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I do not adopt Judge Papak's conclusion that 28 U.S.C. § 1391(a)(3) (2011) provides an alternative basis for venue in Oregon. (*See* F&R [120] at 26–27); *C2F, Inc. v. Bee Paper Co., Inc.*, 08-cv-479-AC, 2008 WL 4791012, at *8 (D. Or. Oct. 28, 2008) (explaining that this basis for venue is "not applicable because this action may otherwise be brought in another district"). However, I agree with Judge Papak that venue is proper under section (a)(2) of the venue statute. Accordingly, I agree with Judge Papak's recommendation, and, with the minor exception just noted, I ADOPT the F&R [120] as my own opinion.

## CONCLUSION

Travelers' motion to strike [79] is DENIED. Glacier's motion for transfer or to dismiss for lack of personal jurisdiction [54] is DENIED. Glacier's oral motion for the Court to decline

2 – OPINION AND ORDER

to exercise declaratory relief jurisdiction is DENIED, with leave to renew at a later stage in the proceedings.   The joint motions to strike filed by Travelers and Continental [111] [117] are DENIED.  Travelers' motion to file a third amended complaint [57] is GRANTED.  Continental's motion to amend its cross-claim [62] is GRANTED.  Glacier's motion to vacate the default judgment against Interstate [73] is DENIED.

    IT IS SO ORDERED.

    DATED this  19th   day of April, 2012.


                                                  /s/ Michael W. Mosman
                                                  MICHAEL W. MOSMAN
                                                  United States District Court