IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**THE CHARTER OAK FIRE**
**INSURANCE COMPANY, et al.,**

             Plaintiffs,

    v.

**INTERSTATE MECHANICAL, INC.,**
**et al.**,

           Defendants.

No. 3:10-cv-01505-PK

OPINION AND ORDER

**MOSMAN, J.**,

On May 7, 2013, Magistrate Judge Papak issued his careful and well-reasoned Findings and Recommendation ("F&R") [358] in the above-captioned case. He recommended that (1) Travelers'[1] motion for partial summary judgment against Glacier for breach of the cooperation clause [238] and Continental's joinder in that motion [281] be granted; (2) Glacier's motion for summary judgment regarding certain occurrences [284] be denied; (3) Travelers' motion for partial summary judgment regarding the duty to indemnify for the Lake County action [222] and Continental's joinder in that motion [279] be denied; (4) Travelers' motion for partial summary judgment regarding pre-2007 policies [240] be granted; (5) Travelers' motion for partial

---

[1] I adopt the designated terms used in the F&R.

1 – OPINION AND ORDER

summary judgment concerning "occurrence," "property damage," and various exclusions [256] and Continental's joinder in that motion [279] be denied; (6) Travelers' motion for partial summary judgment based on the pollution exclusion [334] be denied; (7) Travelers' motion for partial summary judgment as to the 2009–2011 policies [331] be denied; (8) Glacier's motions to stay [211, 273] be denied; (9) Tygart's motion to stay [263] be granted; (10) Glacier's motion to amend [216] be denied; (11) Glacier's Rule 56(d) motion and supplemental motion to compel [282] be denied as moot; (12) Continental's motion to limit scope of deposition [183] be granted; and (13) the remaining discovery motions be denied as moot [191, 196, 198, 200, 206, 226, 276]. Glacier filed objections [360], and Travelers [361] and Continental [364] responded to those objections.

Upon review, I agree with Judge Papak's recommendation, and I ADOPT the F&R [358] as my own opinion. I write separately only to clarify Judge Papak's finding that Glacier failed to assert a claim for bad faith breach and to discuss Glacier's recent Confession of Judgment in the Flathead County action.

## LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination.  The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made.  28 U.S.C. § 636(b)(1)(C).  However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R.  28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

In Judge Papak's thorough F&R, he laid out the factual background and relevant legal standards controlling this dispute. I will not rehash them here. Instead, I focus my discussion on two issues: (1) Glacier's failure to assert a claim for bad faith breach, and (2) Glacier's recent Confession of Judgment in the Flathead County action.

## I.    **Bad Faith Breach**

Glacier's principal objection to the F&R is that it was error for Judge Papak to rule on the insurers' claim for breach of the cooperation clause before resolving Glacier's properly-asserted claim for bad faith failure to defend. (Objs. [360] at 20.) I agree with Judge Papak that Glacier has not properly asserted a claim for bad faith.

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "[A] complaint must

3 – OPINION AND ORDER

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id*. (quoting *Twombly*, 550 U.S. at 555, 557).

In Glacier's answer to Travelers' fourth amended complaint, it asserts the affirmative defenses of "Estoppel/waiver" and "Unclean hands." (Answer [173] at 8.) In addition, Glacier's counterclaims against Travelers and cross-claims against Continental state only that "Glacier asserts all contractual and extra contractual claims it has pursuant to Montana and other applicable law." (*Id*. [173] at 13.) In Glacier's pleadings, it does not allege any factual support for these naked assertions. Rather, Glacier argues that a bad faith claim is implicit in estoppel and unclean hands. To satisfy *Iqbal* and *Twombly*, however, even implicit claims require sufficient factual support. Therefore, I find that Glacier has not pleaded a bad faith claim.

The question then becomes whether Glacier may assert a bad faith claim for the first time at summary judgment. As Judge Papak noted, the law is clear in the Ninth Circuit that "absent prejudice," an affirmative defense may be raised for the first time on a motion for summary judgment. *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984). Glacier has discussed the issue of bad faith in briefing on various motions, including a motion for partial summary judgment. (*See, e.g.,* Mem. [284] at 28 ("CWIC and Charter Oak/Travelers have breached their duty to defend and breached the implied covenant of good faith and fair dealing. Both are liable as a matter of law for bad faith and the consequent coverage by estoppel.").) Specifically, Glacier has argued that Travelers undermined its defense by retaining a firm to defend Glacier that had inadequate resources for the job, conditioning the replacement of the inadequate firm on obtaining a release

of malpractice liability from Glacier, failing to pay the more capable Datsopolous firm for five months after it substituted the inadequate firm, and actively resisting discovery in this declaratory relief action. Absent prejudice, therefore, I should permit Glacier to raise its bad faith claim.

In my view, however, allowing Glacier to raise a bad faith claim in its motion for partial summary judgment would prejudice Travelers and Continental. This prejudice is best demonstrated by comparing the insurers' conduct with that of Glacier. Travelers pleaded failure to cooperate as a bar to coverage in all four relevant complaints. (*See, e.g.,* Fourth Amend. Compl. [154] ¶¶ 36(h), 54.) True, Travelers and Continental did not supply sufficient factual support in their complaints, but they at least identified the specific issue in their pleadings. As a result, when Travelers and Continental have repeatedly raised the issue with extensive factual support in briefing, Glacier has known that it needed to respond to it and has been able to do so with its own evidence.

In contrast, Glacier has never pleaded bad faith, despite seeking leave to amend its pleadings in other ways. Indeed, this seems to have been a deliberate sleight of hand to advance Glacier's interests. In its unauthorized reply to objections, Glacier states the following:

> Travelers' prior material breach is a defense to Travelers contract claims, and Glacier pled unclean hands as an affirmative defense against these carriers. Further Glacier has a fully formed claimed for breach of contract, fraud, and breach of the Montana Unfair Trade Practices Act against these two carriers in the Lake County case in which all other necessary parties are presently joined. . . . For these carriers to say that Glacier has not sued them for breach of contract is incorrect. Glacier has done so in Lake. <u>Glacier has not done so here because Glacier could only do so by sacrificing its claim that this Court was the wrong forum</u>.

(Reply [369] at 27 (emphasis added).) Thus, Glacier concedes that it has chosen not to clearly assert a bad faith claim in order to pursue what it has viewed as a stronger argument, that this

Court is the wrong forum.[2] Therefore, Glacier has attempted to have it both ways: It has chosen

not to actually plead bad faith to advance its overall strategy, but it has made arguments

regarding bad faith when such arguments have been beneficial. This approach failed to put

Travelers and Continental on notice that Glacier was actually raising a claim for bad faith.

Therefore, allowing Glacier to raise a bad faith claim for the first time at summary judgment

would prejudice Travelers and Continental. As a result, I agree with Judge Papak that Glacier

has not properly asserted a claim for bad faith.

## II.    **Confession of Judgment**

On May 7, 2013, the very day Judge Papak issued his F&R, Glacier signed a Confession

of Judgment in the Flathead County action. According to its terms, Glacier authorized the entry

of judgment against it and in favor of Abbey/Land in the amount of $12,000,000. (Resp. [361]

Ex. 3.) Glacier signed this Confession of Judgment without providing notice to or seeking

consent from either Travelers or Continental. (McCracken Decl. [372] ¶¶ 2–3.) Glacier's

decision to sign this Confession of Judgment has implications for my analysis of both the

cooperation clause and the voluntary assumption of obligation clause.

### A.    *Cooperation Clause*

Courts draw a distinction between situations in which the insurer unconditionally

assumes liability for coverage and those in which the insurer defends under a reservation of

rights. *See* 14 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d, §199:48 (3rd ed.,

2007). If the insurer unconditionally assumes liability for coverage, a cooperation clause

prohibiting settlement without the insurer's consent forbids such a settlement. If the insurer

---

[2] Glacier has vaguely raised the affirmative defenses of "Estoppel/waiver" and "Unclean hands" in this action. It is unclear why asserting a bad faith claim as well would jeopardize Glacier's argument that this is the incorrect forum.

defends under a reservation of rights, however, an insured can enter into a settlement without the insurer's consent, so long as the agreement is made fairly, with notice to the insurer, and without fraud or collusion on the insurer. *See United Servs. Auto. Ass'n v. Morris*, 154 Ariz. 113, 119 (1987).

Here, Travelers and Continental are defending under a reservation of rights. As a result, if Glacier's Confession of Judgment were made fairly, with notice to the insurers, and without fraud or collusion, it would not bar coverage. It is incontrovertible, however, that Glacier did not provide notice to the insurers prior to settling with Abbey/Land on May 7, 2013. (McCracken Decl. [372] ¶¶ 2–3.)

In an effort to avoid a finding that Glacier breached the cooperation clause, it appears to argue that notice of any settlement negotiations in the Flathead County action would be sufficient. To that end, Glacier highlights settlement offers it made to Lemons, Tygart, Interstate, Travelers, and Continental between August 2012 and December 2012. (Cushman Decl. [373] ¶¶ 3–10.) On October 10, 2012, for example, Glacier demanded that Travelers and Continental settle the Flathead County action for $10,000,000 or it would stipulate to a judgment in favor of Abbey/Land for $15,000,000. (*Id.* [373] Ex. F-1.) In anticipation of Judge Papak's omnibus hearing on April 3, 2013, Glacier made an additional settlement offer to the same parties on March 30, 2013. None of these settlement negotiations directly involved Abbey/Land, and none of the settlement offers was accepted. Furthermore, there is no evidence that Glacier provided notice regarding settlement negotiations of any kind between March 30, 2013, and May 7, 2013, the day Judge Papak issued his F&R and Glacier signed the Confession of Judgment. In fact, Glacier has suggested that signing the Confession of Judgment was a direct response to Judge Papak's adverse F&R. (Reply [369] at 12 ("Any general contractor would accept such an offer

from an owner, particularly where the insurers . . . are defending under a reservation of rights, and have gotten an order such as the one at issue here.").)

In my view, the earlier settlement negotiations between Glacier, Lemons, Tygart, Interstate, Travelers, and Continental did not provide Travelers and Continental with notice of Glacier's Confession of Judgment in favor of Abbey/Land. Therefore, I conclude that Glacier was not at liberty to enter into settlement with Abbey/Land.

This conclusion reinforces Judge Papak's finding that Glacier breached its duty to cooperate. An insured breaches a cooperation clause if the insurer establishes three elements: "(1) the insurer diligently sought the insured's cooperation; (2) the insured willfully failed to cooperate; and (3) the insured's failure to cooperate prejudiced the insurer." *Assurance Co. of Am. v. MDF Framing, Inc.*, 2008 WL 361289, at *3 (D. Or. Feb. 7, 2008) (citing *Rosalez v. Unigard Ins. Co.*, 283 Or. 63, 581 P.2d 945 (1978); *Bailey v. Universal Underwriters Ins. Co.*, 258 Or. 201, 474 P.2d 746 (1970)). The Confession of Judgment is conclusive proof both that Glacier willfully failed to cooperate and that its failure to cooperate has prejudiced Travelers and Continental. For this additional reason, therefore, I agree with Judge Papak's finding that Glacier breached its duty to cooperate.

### B.    *Voluntary Assumption of Obligation Clause*

In the F&R, Judge Papak noted that there appear to be no Oregon cases discussing voluntary assumption of obligation clauses. As a result, he followed courts from other jurisdictions, which tend to analyze these clauses under the general rubric of the duty to cooperate. *See Roberts Oil Co. v. Transam. Ins. Co.*, 113 N.M. 745, 752, 833 P.2d 222, 229 (1992). He therefore applied the same three-part test for determining whether the insured's breach of the cooperation clause barred coverage to determine whether the insured's breach of

the voluntary assumption of obligation clause barred coverage. In so doing, Judge Papak

correctly found that the voluntary assumption of obligation clause had not yet been triggered

when he issued his F&R. (F&R [358] at 21–25.)

Taking Judge Papak's cue, Glacier immediately signed the Confession of Judgment. Now

there is no question that Glacier has willfully and voluntarily assumed an obligation and that, by

so doing, it has prejudiced Travelers and Continental. Therefore, I conclude that Glacier has

breached the voluntary assumption of obligation clause and is thus barred from coverage.


## CONCLUSION

Travelers' motion for partial summary judgment against Glacier for breach of the

cooperation clause [238] and Continental's joinder in that motion [281] are GRANTED.

Glacier's motion for summary judgment regarding certain occurrences [284] is DENIED.

Travelers' motion for partial summary judgment regarding the duty to indemnify for the Lake

County action [222] and Continental's joinder in that motion [279] are DENIED. Travelers'

motion for partial summary judgment regarding pre-2007 policies [240] is GRANTED.

Travelers' motion for partial summary judgment concerning "occurrence," "property damage,"

and various exclusions [256] and Continental's joinder in that motion [279] are DENIED.

Travelers' motion for partial summary judgment based on the pollution exclusion [334] is

DENIED. Travelers' motion for partial summary judgment as to the 2009–2011 policies [331] is

DENIED.  Glacier's motions to stay [211, 273] are DENIED. Tygart's motion to stay [263] is

GRANTED. Glacier's motion to amend [216] is DENIED. Glacier's Rule 56(d) motion and

supplemental motion to compel [282] are DENIED AS MOOT. Continental's motion to limit

scope of deposition [183] is GRANTED. The remaining discovery motions are DENIED AS

MOOT [191, 196, 198, 200, 206, 226, 276]. Finally, Travelers' motion for leave to file

additional dispositive motion [362] is DENIED AS MOOT.

      IT IS SO ORDERED.

      DATED this __23__ day of July, 2013.


                /s/Michael W. Mosman
                MICHAEL W. MOSMAN
                United States District Court